**BANNING LLP**
William L. Banning, CA State Bar No. 75757
wbanning@banningllp.com
Jessica L. Voss, CA State Bar No. 247033
jvoss@banningllp.com
402 West Broadway, Suite 1790
San Diego, California 92101
Telephone:  (619) 230-0030
Facsimile:   (619) 230-1350

FILED
2010 JUN -3  PM 3: 10
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Attorneys for Plaintiffs,

PEDRO HERNANDEZ ROBLES
and JOSE IGNACIO RUIZ TARANGO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

'10 CV 1 195 H    BGS

| | |
|---|---|
| PEDRO HERNANDEZ ROBLES and JOSE IGNACIO RUIZ TARANGO, <br><br> Plaintiffs, <br><br> vs. <br><br> M/Y NICE TRY (ex. ON THE EDGE), U.S.C.G. Official Number 1110009, her engines, tackle, apparel, furniture, and appurtenances, *in rem*, SCOTT  PFEIFFER, a citizen of Arizona, IRA RONALD CADWELL, an individual of unknown citizenship, ON THE EDGE, LLC, an Arizona Limited Liability Company, SONORA WEST DEVELOPMENT, INC., an Arizona corporation, *in personam* and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. <br><br> **SEAMEN'S VERIFIED COMPLAINT FOR JONES ACT NEGLIGENCE, UNSEAWORTHINESS, MAINTENANCE AND CURE, UNPAID WAGES, FRAUD, INTERFERENCE WITH PROSPECTIVE ADVANTAGE, DEFAMATION, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS** <br><br> **DEMAND FOR JURY TRIAL** |

## I.

## GENERAL ALLEGATIONS

1.     Jurisdiction is based on 46 U.S.C. § 30104, (formerly 46 U.S.C. § 688), ("Jones Act"), Diversity Jurisdiction under 28 U.S.C. §1332 and the Admiralty and Maritime Jurisdiction of this Court under 28 U.S.C. §1333.  This action is also

1    brought under Federal Rules of Civil Procedure, Rules B, C and E of the

2    Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions

3    ("Supplemental Rules").

4         2.    Plaintiff PEDRO HERNANDEZ ROBLES ("HERNANDEZ") was at all

5    times herein mentioned a Jones Act seaman.  HERNANDEZ is a citizen and resident

6    of Mexico.

7         3.    Plaintiff JOSE IGNACIO RUIZ TARANGO ("RUIZ") was at all times

8    herein mentioned a Jones Act seaman. RUIZ is a citizen and resident of Mexico.

9         4.    As seamen, Plaintiffs are entitled under the provisions of 28 U.S.C.

10   §1916 to bring this action without prepayment of costs or posting of bond for the

11   arrest of the vessel Defendant.

12        5.    Defendant M/Y NICE TRY (ex. ON THE EDGE) ("VESSEL"), is a

13   motor yacht documented under the flag of the United States as U.S. Coast Guard

14   Official Number 1110009.  At all times herein mentioned, Defendant VESSEL was

15   afloat upon navigable waters of the Pacific Ocean.  The VESSEL is a fiberglass

16   hulled motor yacht of 82 gross tons.  The VESSEL's hailing port is Paradise Valley,

17   Arizona.  Plaintiffs are informed and believe that the VESSEL is or may be within

18   this district during the pendency of this action.

19        6.    Plaintiffs are informed and believe that all times relevant Defendant ON

20   THE EDGE, LLC ("EDGE LLC"), held itself out to be an Arizona limited liability

21   company.  EDGE LLC is the U.S. Coast Guard documented owner of the VESSEL.

22        7.    Plaintiffs are informed and believe that Defendant SCOTT CHRISTIAN

23   PFEIFFER ("PFEIFFER") is an individual, a resident of Scottsdale, Arizona and a

24   citizen of Arizona.  Plaintiffs are informed and believe that PFEIFFER is the

25   managing agent of EDGE LLC and the president of Defendant SONORA WEST

26   DEVELOPMENT, INC. ("SONORA WEST").  At all times relevant, PFEIFFER was

27   the owner's representative and manager of the VESSEL.

28        8.    Plaintiffs are informed and believe that Defendant IRA RONALD

1  CADWELL ("CADWELL") is an individual, who owns a residence in Coronado,

2  California.   Plaintiffs are informed and believe that PFEIFFER is a co-owner of the

3  VESSEL and one of Plaintiffs' Jones Act employers.

4      9.    Plaintiffs are informed and believe and based thereon allege that

5  Defendant SONORA WEST held itself out to be an Arizona Corporation.

6      10.   Plaintiffs are ignorant of the true names and capacities of the Defendants

7  sued herein as DOES 1 through 20 and therefore Plaintiffs sue these Defendants by

8  such fictitious names.  Plaintiffs will amend the Complaint to allege their true names

9  and capacities when ascertained.  In the meantime, Plaintiffs are informed and believe

10  that each of the fictitiously-named Defendants are responsible in some manner for the

11  occurrences herein alleged, and that Plaintiffs' damages as herein alleged were legally

12  caused by such Defendants.

13      11.   Plaintiffs are informed and believe that all of the Defendants, including

14  those sued as DOES 1 through 20, were and are the managing agents, agents, alter

15  egos, partners, joint venturers, co-owners, co-conspirators, principals, shareholders,

16  servants, employers, employees and the like of their co-Defendants, and in doing the

17  things hereinafter mentioned, were acting within the course and scope of their

18  authority as such managing agents, agents, alter egos, partners, joint venturers, co-

19  conspirators, principals, shareholders, servants, employers, and employees and the

20  like with the permission, ratification and/or consent of their co-Defendants and thus

21  are legally liable for punitive damages resulting from the acts or omissions of the

22  others.

23      12.   At all times herein mentioned, the VESSEL was owned, operated,

24  managed, maintained, controlled, chartered and navigated by PFEIFFER,

25  CADWELL, EDGE LLC, SONORA WEST and DOES 1 through 20 ("OWNERS").

26  At all times herein, OWNERS employed the crew of the VESSEL including

27  Plaintiffs.

28      13.   Plaintiffs are informed and believe that neither the individual or business

1  organization defendants nor the officers, managers or employees of the non-vessel

2  defendants are now within the district and that EDGE LLC and SONORA WEST do

3  not maintain an office within this district, but there is now or will be during the

4  pendency of this action certain goods, chattels, credits and effects belonging to or

5  claimed by the non-vessel Defendants within this district, including the VESSEL. By

6  and through their counsel, Plaintiffs have conducted an investigation and based upon

7  this investigation have concluded that Defendants cannot be found within the District

8  for the purposes of Rule B as set forth more fully in the Declaration of William L.

9  Banning filed herewith.

10       14.    Venue is proper within this judicial district because OWNERS, at all

11  times relevant, did business with this district and regularly moored or docked the

12  VESSEL in this district.

13       15.    On or on about September 15, 2008, HERNANDEZ and RUIZ were

14  serving aboard the VESSEL in Ensenada, Mexico as Jones Act seamen in full

15  compliance with the terms and conditions of their employment.  HERNANDEZ and

16  RUIZ were owed wages, benefits and other compensation for their service aboard the

17  VESSEL.  HERNANDEZ and RUIZ demanded payment of their wages, benefits and

18  other compensation but OWNERS wrongfully refused to pay them.  On or about

19  September 15, 2008, OWNERS, without cause, intentionally or negligently hired

20  seamen and/or agents and ordered them to wrongfully discharge and force

21  HERNANDEZ and RUIZ from the VESSEL.  On more than one occasion and on or

22  after September 15, 2008, with the consent and direction of OWNERS, PFEIFFER

23  and said seamen and/or agents assaulted HERNANDEZ and RUIZ aboard the

24  VESSEL and threatened to kill HERNANDEZ and RUIZ if they did not leave

25  ("Incidents").  On at least one occasion during the Incidents, OWNERS and

26  PFEIFFER also battered HERNANDEZ.  In addition to OWNERS hiring agents to

27  assault, batter and threaten HERNANDEZ and RUIZ, OWNERS set about to defame

28  HERNANDEZ and RUIZ so that they could never again obtain employment as

Seamen's Verified Complaint Jones Act Negligence, Unseaworthiness, Maintenance and Cure, Unpaid Wages, Fraud, Interference with Prospective Advantage, Defamation, Intentional and Negligent Infliction of Emotional Distress; Demand for Jury Trial                                        CASE NO.                                                      4

1  seamen on other U.S. yachts like the VESSEL.  All of these acts of OWNERS were

2  done in furtherance of the VESSEL's business.

## II.

### FIRST CLAIM FOR RELIEF

(Jones Act by HERNANDEZ against OWNERS)

6      16.    HERNANDEZ refers to and by this reference incorporates as though

7  fully set forth herein each and every allegation contained in Paragraphs 1 through 15,

8  above.

9      17.    On or after September 15, 2008, while the VESSEL was in the Port of

10 Ensenada, Mexico, HERNANDEZ was performing his regular duties aboard the

11 VESSEL when he was assaulted and battered by PFEIFFER and other seamen hired

12 by OWNERS during the Incidents.  During the Incidents PFEIFFER and OWNERS'

13 agents threatened HERNANDEZ's life.  The conduct of PFEIFFER and OWNERS

14 was not only negligent and reckless but intentional, extreme and outrageous in a

15 number of ways, including, but not limited to, the following:

16      a.    Failing to provide Plaintiff with a reasonably safe place to which to

17            work;

18      b.    Failing to properly supervise its employees;

19      c.    Failing to exercise ordinary care under the circumstances to have the

20            VESSEL's training, equipment and work methods in such a condition

21            that HERNANDEZ would be able to perform his duties with reasonable

22            safety;

23      d.    Failing to abide by safety laws, regulations, statutes and customs and

24            practice necessary for safety at sea, including failing to provide sufficient

25            means for HERNANDEZ to be safe from intruders in port;

26      e.    Utilizing an unsafe work method that resulted in HERNANDEZ being

27            assaulted and battered by OWNERS' agents;

28      f.    Failing to warn HERNANDEZ in time to prevent assault and batteries;

g.      Failure to provide adequate safety and security measures;

h.      Allowing dangerous or unsafe work or manner of work;

i.      Negligent orders, instructions or suggestions by PFEIFFER;

j.      Failing to correct known dangerous conditions;

k.      Failing to conduct a job hazard analysis; and,

l.      Negligently hiring seaman or agents with a known vicious propensity for violence.

18.     The foregoing acts or omissions occurred with either legal malice or the intentional or conscious disregard for the safety and rights of HERNANDEZ.

19.     As a legal result of the aforesaid negligent, reckless or intentional acts and omissions, among others, OWNERS breached the duty of care they owed to HERNANDEZ.

20.     As a legal result of OWNERS' negligence, recklessness and intentional acts and omissions, HERNANDEZ sustained serious and grievous physical and emotional injuries.

21.     As a further legal result of OWNERS' negligence, recklessness or intentional acts and omissions, HERNANDEZ has sustained and will continue to sustain damages, including and without limitation, general non-economic damages, special economic damages, punitive damages, medical expenses, life care expenses, emotional distress and pain and suffering, loss of Found, all of which will be established at trial according to proof.

22.     As a further legal result of OWNERS' negligence, recklessness and intentional acts and omissions, HERNANDEZ lost and will continue to lose wages, earnings, income, and earning capacity, which will be established at trial according to proof.

23.     HERNANDEZ suffered severe emotional distress with physical manifestation or harm as a result of the assault, battery and/or threats on his life made by OWNERS, and their agents.  Said conduct by OWNERS, and its agents was

1  extreme and outrageous and intentionally or recklessly intended to cause physical

2  harm and severe emotional distress to HERNANDEZ.

3     24.    As a legal result of said negligent, reckless and intentional extreme and

4  outrageous conduct, HERNANDEZ has suffered physical harm, severe emotional

5  distress and physical manifestation thereof and will continue to suffer same resulting

6  in economic and non-economic damages in an amount to be proven at trial.

## III.

## SECOND CLAIM FOR RELIEF

### (Unseaworthiness by HERNANDEZ against All Defendants)

10     25.    HERNANDEZ refers to and by that reference incorporates as though

11  fully set forth herein each and every allegation contained in paragraphs 1 through 24,

12  above.

13     26.    At all times herein relevant, HERNANDEZ was acting in the service of

14  Defendants and was performing duties of the type traditionally performed by a

15  seaman.

16     27.    At the time and place alleged herein, by the provisions of the General

17  Maritime Law of the United States, Defendants and their agents, employees and

18  servants warranted to HERNANDEZ that the VESSEL, its decks, gear, equipment,

19  appurtenances, tools, crewmembers and work methods were seaworthy and in

20  compliance with applicable laws, statutes and regulations enacted for the safety of the

21  crew.

22     28.    Defendants, and each of them, breached this warranty in that the

23  VESSEL  its decks, gear, equipment, appurtenances, tools, safety equipment, crew

24  members and work methods were neither seaworthy nor in compliance with

25  applicable laws, rules and regulations enacted for the safety of the crew.  Further the

26  acts of negligence set forth herein above were of such a duration as to become

27  conditions of the VESSEL and therefore were further breaches of the warranty of

28  seaworthiness.  Further, said unseaworthy conditions were the result of either legal

1    malice or the intentional or conscious disregard for the safety and rights of

2    HERNANDEZ.

3        29.    As a legal result of these alleged breaches, HERNANDEZ sustained the

4    injuries as set forth herein suffering the general non-economic and special economic

5    damages as set forth herein. As a further legal result HERNANDEZ is entitled to

6    recover punitive damages against Defendants.

7                           **IV.**

8                **THIRD CLAIM FOR RELIEF**

9       (Maintenance and Cure - HERNANDEZ Against All Defendants)

10        30.    HERNANDEZ refers to and by that reference incorporates as though

11    fully set forth herein each and every allegation contained in paragraphs 1 through 29,

12    above.

13        31.    By reason of the Incidents set forth in the allegations above,

14    HERNANDEZ became injured or ill and was disabled from resuming his job as a

15    captain. Because of the serious and grievous injuries suffered by HERNANDEZ

16    while in the service of the VESSEL, he was entitled to receive from Defendants

17    prompt and adequate maintenance and cure. Defendants failed to provide promptly

18    all maintenance and cure owed. As a legal result of the aforementioned failure of

19    Defendants to provide promptly all maintenance and cure owing, HERNANDEZ's

20    illness and injuries have been worsened thereby entitling him to recover all resulting

21    damages and expenses, including pain and suffering and additional medical expenses

22    as well as attorneys' fees and costs and other consequential special economic and

23    general non-economic damages. Further, as a result of the aforesaid failure to pay

24    promptly all maintenance and cure owing, HERNANDEZ has a senior maritime lien

25    against the VESSEL.

26        32.    Further, Defendants' failure to provide promptly all maintenance and

27    cure owed has been done willfully and arbitrarily. As a legal result, HERNANDEZ is

28    entitled to recover reasonable attorneys' fees and costs. For the purposes of the claim

herein, recoverable attorneys' fees and costs include all reasonable attorneys' fees and costs expended on this case that are not solely related to the Jones Act and Unseaworthiness claims herein above alleged.

33.    In failing or refusing to provide prompt maintenance and cure owed, Defendants were guilty of oppression, fraud or malice and/or acted intentionally or with a conscious disregard for the rights and well being of HERNANDEZ.  As a result, HERNANDEZ is entitled to recover punitive damages against Defendants.

### V.

### FOURTH CLAIM FOR RELIEF

(Unpaid Seaman's Wages and Other Damages - By Plaintiff HERNANDEZ Against all Defendants)

34.    HERNANDEZ refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in Paragraphs 1 through 33, above.

35.    At all times relevant, HERNANDEZ fully, competently and faithfully performed service as a seaman for the VESSEL and satisfied all terms and conditions of his employment by Defendants.

36.    Defendants intentionally and wrongfully discharged HERNANDEZ, from the VESSEL on September 15, 2008.  At the time HERNANDEZ was wrongfully discharged he was owed compensation, including without limitation, unpaid wages, benefits, severance, bonuses, overtime, dropped wages, vacation pay, seniority pay and interest and penalties.  HERNANDEZ has never been paid said compensation by Defendants.

37.    As a legal result of the said wrongful discharge and failure to pay said compensation to HERNANDEZ, including without limitation, unpaid wages, benefits, severance, bonuses, overtime, dropped wages, vacation pay, seniority pay and interest and penalties, HERNANDEZ has a senior maritime lien against the VESSEL.

38.    As a legal result of the said wrongful discharge and failure to pay said compensation to HERNANDEZ, including without limitation, unpaid wages, benefits, severance, bonuses, overtime, dropped wages, vacation pay, seniority pay and interest and penalties, HERNANDEZ has sustained and will continue to sustain damages.

39.    As of October 15, 2009, HERNANDEZ was owed and is still owed damages in the amount of $515,370.57, for unpaid wages, benefits, severance, bonuses, overtime, dropped wages, vacation pay, seniority pay and interest and penalties.  Said amount of damages has increased daily since October 15, 2009.

## VI.

## FIFTH CLAIM FOR RELIEF

### (False Promise and Concealment Fraud - By Plaintiff HERNANDEZ Against OWNERS)

40.    HERNANDEZ refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in Paragraphs 1 through 39, above.

41.    When HERNANDEZ was hired by OWNERS on or after July 18, 2005, as a seaman to work aboard the VESSEL for wages, benefits and others compensation, OWNERS made promises to HERNANDEZ that were important to the transaction.  OWNERS did not intend to perform these promises when they made same.  Further, at the time OWNERS hired HERNANDEZ they partially disclosed some facts about the terms and conditions of employment but intentionally concealed important facts known only to OWNERS about HERNANDEZ's duties.  OWNERS intended that HERNANDEZ rely upon said promises and the partially disclosed facts and in fact HERNANDEZ reasonably relied upon said promises and partially disclosed facts.  Thereafter, OWNERS failed or refused to perform the promises and continued to conceal important facts.

42.    HERNANDEZ's reliance on OWNERS' promises and disclosures were a

1  substantial factor in causing harm and economic and non-economic damages to

2  HERNANDEZ in an amount to be proven at trial.

3      43.    At all times relevant, OWNERS were guilty of oppression, fraud or

4  malice and/or acted intentionally or with a conscious disregard for the rights and well

5  being of HERNANDEZ.  As a result, HERNANDEZ is entitled to recover punitive

6  damages against OWNERS.

7                                          **VII.**

8                          **SIXTH CLAIM FOR RELIEF**

9    (Intentional or Negligent Interference with Prospective Advantage - By Plaintiff

10                         HERNANDEZ Against OWNERS)

11     44.    HERNANDEZ refers to and by this reference incorporates as though

12  fully set forth herein each and every allegation contained in Paragraphs 1 through 43,

13  above.

14     45.    OWNERS knew that after HERNANDEZ was wrongfully discharged

15  that he would seek employment as a yacht captain on another U.S. flag yacht trading

16  in the waters of California and Mexico.  OWNERS knew that serving as a captain on

17  a U.S. flag yacht like the VESSEL was very economically beneficial to

18  HERNANDEZ.  OWNERS also knew that HERNANDEZ's primary means of

19  earning a living was as a yacht captain.

20     46.    OWNERS intentionally or negligently engaged in wrongful conduct

21  more commonly described as "Black Balling" that was designed to interfere with or

22  disrupt the relationship between HERNANDEZ and other owners and operators of

23  U.S. flag yachts trading in the waters of California and Mexico.

24     47.    HERNANDEZ has suffered damages and losses in an amount presently

25  unknown, but including unnecessarily incurred expenses, lost wages and benefits and

26  other damages in excess of $50,000, the extent of which will be proven at trial.

27     48.    OWNERS' misconduct in causing the injuries and damages to

28  HERNANDEZ was intentional, willful, malicious, oppressive and done with a

1  conscious disregard for HERNANDEZ's rights and was known of, encouraged,

2  authorized and ratified by each of the Defendants.  As a legal result HERNANDEZ is

3  entitled to an award of punitive damages against OWNERS in an amount according to

4  proof at trial.

## VIII.

## SEVENTH CLAIM FOR RELIEF

### (Defamation - By Plaintiff HERNANDEZ Against OWNERS)

8  49.    HERNANDEZ refers to and by this reference incorporates as though

9  fully set forth herein each and every allegation contained in Paragraphs 1 through 48,

10  above.

11  50.    OWNERS have made one or more defamatory statements to persons

12  other than HERNANDEZ, stating, among other things, that HERNANDEZ was an

13  incompetent and dishonest captain and that he had committed a crime.  The people

14  who heard these defamatory statements understood that the statements referred to

15  HERNANDEZ.  The people who heard these defamatory statements by OWNERS

16  reasonably understood the statements to mean that HERNANDEZ was an

17  incompetent captain, a dishonest captain, a thief and a criminal.  These defamatory

18  statements were knowingly false or at a minimum OWNERS failed to use reasonable

19  care to determine the truth or falsity of the statements.

20  51.    The defamatory statements made by OWNERS about HERNANDEZ

21  were a substantial factor in causing damage and harm to HERNANDEZ's reputation,

22  trade, business, profession or occupation in an amount according to proof at trial.

23  Further, HERNANDEZ incurred damages for unnecessarily incurred expenses and

24  lost earnings as a result of the defamatory statements of OWNERS as well as shame,

25  mortification and hurt feelings, all in an amount according to proof at trial.

26  52.    OWNERS' defamatory statements were intentional, willful, malicious,

27  oppressive and done with a conscious disregard for HERNANDEZ's rights and was

28  known of, encouraged, authorized and ratified by each of the Defendants.  As a legal

result HERNANDEZ is entitled to an award of punitive damages against OWNERS in an amount according to proof at trial.

### IX.

### **EIGHTH CLAIM FOR RELIEF**

(Intentional Infliction of Emotional Distress - By Plaintiff HERNANDEZ Against OWNERS)

53.     HERNANDEZ refers to and by this reference incorporates as though fully set forth herein each and every allegation contained in Paragraphs 1 through 52, above.

54.     OWNERS' conduct towards HERNANDEZ has been extreme and outrageous.

55.     OWNERS acted intentionally or with conscious disregard of the probability that HERNANDEZ would suffer emotional distress, knowing that HERNANDEZ was present when the conduct occurred.

56.     HERNANDEZ suffered severe emotional distress with physical injury or manifestation of same.

57.     The conduct of OWNERS was a substantial factor in causing HERNANDEZ severe emotional distress.

58.     The conduct of OWNERS caused HERNANDEZ economic and non-economic damages according to proof at trial.

59.     OWNERS' conduct was intentional, willful, malicious, oppressive and done with a conscious disregard for HERNANDEZ's rights and was known of, encouraged, authorized and ratified by each of the Defendants.  As a legal result HERNANDEZ is entitled to an award of punitive damages against OWNERS in an amount according to proof at trial.

///

///

///

## X.

## **NINTH CLAIM FOR RELIEF**

(Negligent Infliction of Emotional Distress - By Plaintiff HERNANDEZ Against

OWNERS)

60.    HERNANDEZ refers to and by this reference incorporates as though fully set forth herein each and every allegation contained in Paragraphs 1 through 59, above.

61.    OWNERS owed HERNANDEZ a duty to avoid negligently inflicting emotional distress as a result of their pre-existing relationship of employer and employee.

62.    OWNERS breached their duty to HERNANDEZ by negligently subjecting HERNANDEZ to severe extreme and outrageous conduct.

63.    OWNERS' extreme and outrageous conduct was done even though they knew HERNANDEZ would be present when the conduct occurred and knew that it was foreseeable that HERNANDEZ would suffer severe emotional distress as a result.

64.    HERNANDEZ suffered severe emotional distress with physical injury or manifestation of same.

65.    The conduct of OWNERS was a substantial factor in causing HERNANDEZ severe emotional distress.

66.    The conduct of OWNERS caused HERNANDEZ economic and non-economic damages according to proof at trial.

## XI.

## **TENTH CLAIM FOR RELIEF**

(Jones Act by RUIZ against OWNERS)

67.    RUIZ refers to and by this reference incorporates as though fully set forth herein each and every allegation contained in Paragraphs 1 through 66, above.

68.    On or after September 15, 2008, while the VESSEL was in the Port of

Ensenada, Mexico, RUIZ was performing his regular duties aboard the VESSEL when he was assaulted and/or battered by PFEIFFER and other seamen hired by OWNERS during the Incidents.  During the Incidents PFEIFFER and OWNERS' agents threatened RUIZ's life.  The conduct of PFEIFFER and OWNERS was not only negligent and reckless but intentional, extreme and outrageous in a number of ways, including, but not limited to, the following:

   a.   Failing to provide Plaintiff with a reasonably safe place to which to work;

   b.   Failing to properly supervise its employees;

   c.   Failing to exercise ordinary care under the circumstances to have the VESSEL's training, equipment and work methods in such a condition that RUIZ would be able to perform his duties with reasonable safety;

   d.   Failing to abide by safety laws, regulations, statutes and customs and practice necessary for safety at sea, including failing to provide sufficient means for RUIZ to be safe from intruders in port;

   e.   Utilizing an unsafe work method that resulted in RUIZ being assaulted and battered by OWNERS' agents;

   f.   Failing to warn RUIZ in time to prevent assault and batteries;

   g.   Failure to provide adequate safety and security measures;

   h.   Allowing dangerous or unsafe work or manner of work;

   i.   Negligent orders, instructions or suggestions by PFEIFFER;

   j.   Failing to correct known dangerous conditions;

   k.   Failing to conduct a job hazard analysis; and,

   l.   Negligently hiring seaman or agents with a known vicious propensity for violence.

   69.   The foregoing acts or omissions occurred with either legal malice or the intentional or conscious disregard for the safety and rights of RUIZ.

   70.   As a legal result of the aforesaid negligent, reckless or intentional acts

1  and omissions, among others, OWNERS breached the duty of care they owed to

2  RUIZ.

3      71.    As a legal result of OWNERS' negligence, recklessness and intentional

4  acts and omissions RUIZ sustained serious and grievous physical and emotional

5  injuries.

6      72.    As a further legal result of OWNERS' negligence, recklessness or

7  intentional acts and omissions, RUIZ has sustained and will continue to sustain

8  damages, including and without limitation, general non-economic damages, special

9  economic damages, punitive damages, medical expenses, life care expenses,

10  emotional distress and pain and suffering, loss of Found, all of which will be

11  established at trial according to proof.

12      73.    As a further legal result of OWNERS' negligence, recklessness and

13  intentional acts and omissions, RUIZ lost and will continue to lose wages, earnings,

14  income, and earning capacity, which will be established at trial according to proof.

15      74.    RUIZ suffered severe emotional distress with physical manifestation or

16  harm as a result of the assault, battery and/or threats on his life made by OWNERS,

17  and their agents.  Said conduct by OWNERS and its agents was extreme and

18  outrageous and intentionally or recklessly intended to cause physical harm and severe

19  emotional distress to RUIZ.

20      75.    As a legal result of said negligent, reckless and intentional extreme and

21  outrageous conduct, RUIZ has suffered physical harm, severe emotional distress and

22  physical manifestation thereof and will continue to suffer same resulting in economic

23  and non-economic damages in an amount to be proven at trial.

24                    **XII.**

25            **ELEVENTH CLAIM FOR RELIEF**

26            (Unseaworthiness by RUIZ against All Defendants)

27      76.    RUIZ refers to and by that reference incorporates as though fully set

28  forth herein each and every allegation contained in paragraphs 1 through 75, above.

77.   At all times herein relevant, RUIZ was acting in the service of Defendants and was performing duties of the type traditionally performed by a seaman.

78.   At the time and place alleged herein, by the provisions of the General Maritime Law of the United States, Defendants and their agents, employees and servants warranted to RUIZ that the VESSEL, its decks, gear, equipment, appurtenances, tools, crewmembers and work methods were seaworthy and in compliance with applicable laws, statutes and regulations enacted for the safety of the crew.

79.   Defendants, and each of them, breached this warranty in that the VESSEL, its decks, gear, equipment, appurtenances, tools, safety equipment, crew members and work methods were neither seaworthy nor in compliance with applicable laws, rules and regulations enacted for the safety of the crew.  Further the acts of negligence set forth herein above were of such a duration as to become conditions of the VESSEL and therefore were further breaches of the warranty of seaworthiness.  Further, said unseaworthy conditions were the result of either legal malice or the intentional or conscious disregard for the safety and rights of RUIZ.

80.   As a legal result of these alleged breaches, RUIZ sustained the injuries as set forth herein suffering the general non-economic and special economic damages as set forth herein.  As a further legal result RUIZ is entitled to recover punitive damages against Defendants.

## XIII.

### TWELFTH CLAIM FOR RELIEF

(Maintenance and Cure - RUIZ Against All Defendants)

81.   RUIZ refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 80, above.

82.   By reason of the Incidents set forth in the allegations above, RUIZ became injured or ill and was disabled from resuming his employment as a seaman.

1  Because of the injuries suffered by RUIZ while in the service of the VESSEL, he was

2  entitled to receive from Defendants prompt and adequate maintenance and cure.

3  Defendants failed to provide promptly all maintenance and cure owed.  As a legal

4  result of the aforementioned failure of Defendants to provide promptly all

5  maintenance and cure owing, RUIZ's injuries have been worsened thereby entitling

6  him to recover all resulting damages and expenses, including pain and suffering and

7  additional medical expenses as well as attorneys' fees and costs and other

8  consequential special economic and general non-economic damages.  Further, as a

9  result of the aforesaid failure to pay promptly all maintenance and cure owing, RUIZ

10  has a senior maritime lien against the VESSEL.

11      83.    Further, Defendants' failure to provide promptly all maintenance and

12  cure owed has been done willfully and arbitrarily.  As a legal result, RUIZ is entitled

13  to recover reasonable attorneys' fees and costs.  For the purposes of the claim herein,

14  recoverable attorneys' fees and costs include all reasonable attorneys' fees and costs

15  expended on this case that are not solely related to the Jones Act and

16  Unseaworthiness claims herein above alleged.

17      84.    In failing or refusing to provide prompt maintenance and cure owed,

18  Defendants were guilty of oppression, fraud or malice and/or acted intentionally or

19  with a conscious disregard for the rights and well being of RUIZ.  As a result, RUIZ

20  is entitled to recover punitive damages against Defendants.

21                                      XIV.

22                     **THIRTEENTH CLAIM FOR RELIEF**

23      (Unpaid Seamen's Wages and other Damages - By Plaintiff RUIZ Against All

24                                   Defendants)

25      85.    RUIZ refers to and by that reference incorporates as though fully set

26  forth herein each and every allegation contained in Paragraphs 1 through 84, above.

27      86.    At all times relevant, RUIZ fully, competently and faithfully performed

28  service as a seaman for the VESSEL and satisfied all terms and conditions of his

1   employment by Defendants.

2        87.    Defendants intentionally and wrongfully discharged RUIZ from the

3   VESSEL on September 15, 2008.  At the time RUIZ was wrongfully discharged he

4   was owed compensation, including without limitation, unpaid wages, benefits,

5   severance, bonuses, overtime, dropped wages, vacation pay, seniority pay and interest

6   and penalties.  RUIZ has never been paid said compensation by Defendants.

7        88.    As a legal result of the said wrongful discharge and failure to pay said

8   compensation to RUIZ, including without limitation, unpaid wages, benefits,

9   severance, bonuses, overtime, dropped wages, vacation pay, seniority pay and interest

10  and penalties, RUIZ has a senior maritime lien against the VESSEL.

11       89.    As a legal result of the said wrongful discharge and failure to pay said

12  compensation to RUIZ, including without limitation, unpaid wages, benefits,

13  severance, bonuses, overtime, dropped wages, vacation pay, seniority pay and interest

14  and penalties, RUIZ has sustained and will continue to sustain damages.

15       90.    As of October 15, 2009, RUIZ was owed and is still owed damages in

16  the amount of $132,144.96, for unpaid wages, benefits, severance, bonuses, overtime,

17  dropped wages, vacation pay, seniority pay and interest and penalties.  Said amount

18  of damages has increased daily since October 15, 2009.

19                              **XV.**

20              **FOURTEENTH CLAIM FOR RELIEF**

21       (False Promise Concealment Fraud - By Plaintiff RUIZ Against OWNERS)

22       91.    RUIZ refers to and by that reference incorporates as though fully set

23  forth herein each and every allegation contained in Paragraphs 1 through 90, above.

24       92.    When RUIZ was hired by OWNERS on or about July 18, 2005, as a

25  seaman to work aboard the VESSEL for wages, benefits and others compensation,

26  OWNERS made promises to RUIZ that were important to the transaction.  OWNERS

27  did not intend to perform these promises when they made same.  OWNERS intended

28  that RUIZ rely upon said promises and in fact RUIZ reasonably relied upon said

Seamen's Verified Complaint Jones Act Negligence, Unseaworthiness, Maintenance and Cure, Unpaid Wages, Fraud,
Interference with Prospective Advantage, Defamation, Intentional and Negligent Infliction of Emotional Distress;
Demand for Jury Trial                                          CASE NO.                                    19

1   promises.  Thereafter, OWNERS failed or refused to perform the promises.  RUIZ's

2   reliance on OWNERS' promises were a substantial factor in causing harm and

3   damages to RUIZ in an amount to be proven at trial.

4        93.     At all times relevant, OWNERS were guilty of oppression, fraud or

5   malice and/or acted intentionally or with a conscious disregard for the rights and well

6   being of RUIZ.  As a result, RUIZ is entitled to recover punitive damages against

7   OWNERS.

8                                    **XVI.**

9                          **FIFTEENTH CLAIM FOR RELIEF**

10   (Intentional or Negligent Interference with Prospective Advantage - By Plaintiff

11                            RUIZ Against OWNERS)

12        94.     RUIZ refers to and by this reference incorporates as though fully set

13   forth herein each and every allegation contained in Paragraphs 1 through 93, above.

14        95.     OWNERS knew that after RUIZ was wrongfully discharged that he

15   would seek employment as a yacht crewmember on another U.S. flag yacht trading in

16   the waters of California and Mexico.  OWNERS knew that serving as a crewmember

17   on a U.S. flag yacht like the VESSEL was very economically beneficial to RUIZ.

18   OWNERS also knew that RUIZ's primary means of earning a living was as a yacht

19   crewmember.

20        96.     OWNERS intentionally or negligently engaged in wrongful conduct

21   more commonly described as "Black Balling" that was designed to interfere with or

22   disrupt the relationship between RUIZ and other owners and operators of U.S. flag

23   yachts trading in the waters of California and Mexico.

24        97.     RUIZ has suffered damages and losses in an amount presently unknown,

25   but including unnecessarily incurred expenses, lost wages and benefits and other

26   damages in excess of $50,000, the extent of which will be proven at trial.

27        98.     OWNERS' misconduct in causing the injuries and damages to RUIZ was

28   intentional, willful, malicious, oppressive and done with a conscious disregard for

1   RUIZ's rights and was known of, encouraged, authorized and ratified by each of the

2   Defendants.  As a legal result RUIZ is entitled to an award of punitive damages

3   against OWNERS in an amount according to proof at trial.

## XVII.

## SIXTEENTH CLAIM FOR RELIEF

### (Defamation - By Plaintiff RUIZ Against OWNERS)

7   99.    RUIZ refers to and by this reference incorporates as though fully set

8   forth herein each and every allegation contained in Paragraphs 1 through 98, above.

9   100.   OWNERS have made one or more defamatory statements to persons

10  other than RUIZ, stating, among other things, that RUIZ was an incompetent and

11  dishonest seaman and that he had committed a crime.  The people who heard these

12  defamatory statements understood that the statements referred to RUIZ.  The people

13  who heard these defamatory statements by OWNERS reasonably understood the

14  statements to mean that RUIZ was an incompetent seaman, a dishonest seaman, a

15  thief and a criminal.  These defamatory statements were knowingly false or at a

16  minimum OWNERS failed to use reasonable care to determine the truth or falsity of

17  the statements.

18  101.   The defamatory statements made by OWNERS about RUIZ were a

19  substantial factor in causing damage and harm to RUIZ's reputation, trade, business,

20  profession or occupation in an amount according to proof at trial.  Further, RUIZ

21  incurred damages for unnecessarily incurred expenses and lost earnings as a result of

22  the defamatory statements of OWNERS as well as shame, mortification and hurt

23  feelings, all in an amount according to proof at trial.

24  102.   OWNERS' defamatory statements were intentional, willful, malicious,

25  oppressive and done with a conscious disregard for RUIZ's rights and was known of,

26  encouraged, authorized and ratified by each of the Defendants.  As a legal result

27  RUIZ is entitled to an award of punitive damages against OWNERS in an amount

28  according to proof at trial.

Seamen's Verified Complaint Jones Act Negligence, Unseaworthiness, Maintenance and Cure, Unpaid Wages, Fraud,
Interference with Prospective Advantage, Defamation, Intentional and Negligent Infliction of Emotional Distress;
Demand for Jury Trial                                        CASE NO.                                        21

## XVIII.

### SEVENTEENTH CLAIM FOR RELIEF

(Intentional Infliction of Emotional Distress - By Plaintiff RUIZ Against OWNERS)

103.   RUIZ refers to and by this reference incorporates as though fully set forth herein each and every allegation contained in Paragraphs 1 through 102, above.

104.   OWNERS' conduct towards RUIZ has been extreme and outrageous.

105.   OWNERS acted intentionally or with conscious disregard of the probability that RUIZ would suffer emotional distress, knowing that RUIZ was present when the conduct occurred.

106.   RUIZ suffered severe emotional distress with physical injury or manifestation of same.

107.   The conduct of OWNERS was a substantial factor in causing RUIZ severe emotional distress.

108.   The conduct of OWNERS caused RUIZ economic and non-economic damages according to proof at trial.

109.   OWNERS' conduct was intentional, willful, malicious, oppressive and done with a conscious disregard for RUIZ rights and was known of, encouraged, authorized and ratified by each of the Defendants.  As a legal result RUIZ is entitled to an award of punitive damages against OWNERS in an amount according to proof at trial.

## XIX.

### EIGHTEENTH CLAIM FOR RELIEF

(Negligent Infliction of Emotional Distress - By Plaintiff RUIZ Against OWNERS)

110.   RUIZ refers to and by this reference incorporates as though fully set forth herein each and every allegation contained in Paragraphs 1 through 109, above.

111.   OWNERS owed RUIZ a duty to avoid negligently inflicting emotional distress as a result of their pre-existing relationship of employer and employee.

112.   OWNERS breached their duty to RUIZ by negligently subjecting RUIZ

1    to severe extreme and outrageous conduct.

2        113.   OWNERS' extreme and outrageous conduct was done even though they

3    knew RUIZ would be present when the conduct occurred and knew that it was

4    foreseeable that RUIZ  would suffer severe emotional distress as a result.

5        114.   RUIZ suffered severe emotional distress with physical injury or

6    manifestation of same.

7        115.   The conduct of OWNERS was a substantial factor in causing RUIZ

8    severe emotional distress.

9        116.   The conduct of OWNERS caused RUIZ  economic and non-economic

10   damages according to proof at trial.

11                              **XX.**

12                            **PRAYER**

13       WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them,

14   as follows:

15   1.    That process and due form of law, according to the practices of this Honorable

16         Court in causes of admiralty and maritime jurisprudence may issue against M/Y

17         NICE TRY (ex. ON THE EDGE), U.S.C.G. Official Number 1110009, her

18         engines, tackle, apparel, furniture, and appurtenances, *in rem* and that all

19         persons having or claiming any interest therein be cited to appear and answer,

20         under oath, all and singular the matters; that Plaintiffs have judgments for their

21         damages aforesaid, with interest and costs; and that M/Y NICE TRY (ex. ON

22         THE EDGE), U.S.C.G. Official Number 1110009, her engines, tackle, apparel,

23         furniture, and appurtenances be condemned and sold to satisfy Plaintiffs'

24         judgments;

25   2.    That process and due form of law according to the practice of this Honorable

26         Court issue against Defendants, citing them to appear and answer all and

27         singular the matters aforesaid;

28   3.    That HERNANDEZ may have joint and several judgments *in personam* on the

1   FIRST, SECOND, THIRD, FIFTH, SIXTH, SEVENTH, EIGHTH and NINTH

2   CLAIMS FOR RELIEF against Defendants SCOTT CHRISTIAN PFEIFER,

3   IRA RONALD CADWELL, ON THE EDGE LLC, SONORA WEST

4   DEVELOPMENT COMPANY AND DOES 1 THROUGH 20, for his general

5   non-economic, special economic, punitive and other allowable damages in an

6   amount in excess of $1,000,000 according to proof at trial;

7   4.   That HERNANDEZ may have judgment against M/Y NICE TRY (ex. ON THE

8   EDGE), U.S.C.G. Official Number 1110009, her engines, tackle, apparel,

9   furniture, and appurtenances, *in rem,* on the FOURTH CLAIM FOR RELIEF

10   for unpaid wages and other compensation owed, including without limitation,

11   unpaid wages, benefits, severance, bonuses, overtime, dropped wages, vacation

12   pay, seniority pay and interest and penalties in the amount of $515,370.57, as

13   of October 15, 2009, as well as amounts that have accrued thereafter to the date

14   of judgment.

15   5.   That HERNANDEZ may have judgment against *M/Y NICE TRY* (ex. *ON THE*

16   *EDGE*), U.S.C.G. Official Number 1110009, her engines, tackle, apparel,

17   furniture, and appurtenances, *in rem* on the FIRST, SECOND, THIRD, FIFTH,

18   SIXTH, SEVENTH, EIGHTH and NINTH CLAIMS FOR RELIEF for his

19   general non-economic, special economic, punitive and other allowable

20   damages in an amount in excess of $1,000,000 according to proof at trial;

21   6.   That HERNANDEZ may have joint and several judgments *in rem* and *in*

22   *personam* as allowed by law on all his CLAIMS FOR RELIEF against all

23   Defendants for his reasonable attorneys' fees and costs in an amount according

24   to proof at trial;

25   7.   That HERNANDEZ may have joint and several judgments *in rem* and *in*

26   *personam* as allowed by law on all his CLAIMS FOR RELIEF against all

27   Defendants for prejudgment interest in an amount according to proof at trial;

28   8.   That HERNANDEZ be awarded joint and several judgments for costs of suit *in*

1     *rem* and *in personam* as allowed by law in an amount according to proof at trial

2     on all his CLAIMS FOR RELIEF;

3  9.     That HERNANDEZ be awarded as allowed by law joint and several judgments

4     *in rem* and *in personam* for the costs and expenses associated with arresting

5     and maintaining the VESSEL pending her sale as *custodial legis* administrative

6     costs;

7  10.    That RUIZ may have joint and several judgments *in personam* on the TENTH,

8     ELEVENTH, TWELFTH, FOURTEENTH, FIFTEENTH, SIXTEENTH,

9     SEVENTEENTH and EIGHTEENTH CLAIMS FOR RELIEF against

10    Defendants SCOTT CHRISTIAN PFEIFER, IRA RONALD CADWELL, ON

11    THE EDGE LLC, SONORA WEST DEVELOPMENT COMPANY AND

12    DOES 1 THROUGH 20, for his general non-economic, special economic,

13    punitive and other allowable damages in an amount in excess of $1,000,000

14    according to proof at trial;

15  11.    That RUIZ may have judgment against M/Y NICE TRY (ex. ON THE EDGE),

16    U.S.C.G. Official Number 1110009, her engines, tackle, apparel, furniture, and

17    appurtenances, *in rem,* on the THIRTEENTH CLAIM FOR RELIEF for unpaid

18    wages and other compensation owed, including without limitation, unpaid

19    wages, benefits, severance, bonuses, overtime, dropped wages, vacation pay,

20    seniority pay and interest and penalties in the amount of $132,144.96, as of

21    October 15, 2009, as well as amounts that have accrued thereafter to the date of

22    judgment;

23  12.    That RUIZ may have judgment against M/Y NICE TRY (ex. ON THE EDGE),

24    U.S.C.G. Official Number 1110009, her engines, tackle, apparel, furniture, and

25    appurtenances, *in rem,* on the TENTH, ELEVENTH, TWELFTH,

26    FOURTEENTH, FIFTEENTH, SIXTEENTH, SEVENTEENTH and

27    EIGHTEENTH  CLAIMS FOR RELIEF for his general non-economic, special

28    economic, punitive and other allowable damages in an amount in excess of

1    $1,000,000 according to proof at trial.

2  13.    That RUIZ may have joint and several judgments *in rem* and *in personam* as allowed by law on ALL CLAIMS FOR RELIEF against all Defendants for his reasonable attorneys' fees and costs in an amount according to proof at trial;

5  14.    That RUIZ may have joint and several judgments *in rem* and *in personam* as allowed by law on ALL CLAIMS FOR RELIEF against all Defendants for prejudgment interest in an amount according to proof at trial;

8  15.    That RUIZ be awarded joint and several judgment for costs of suit *in rem* and *in personam* as allowed by law in an amount according to proof at trial;

10  16.    That RUIZ be awarded as allowed by law joint and several judgments *in rem* and *in personam* the costs and expenses associated with arresting and maintaining the VESSEL pending her sale as *custodial legis* administrative costs; and,

14  17.    That HERNANDEZ and RUIZ be awarded such other and further relief as this Honorable Court deems just and proper.

DATED: June 2, 2010        BANNING LLP

By:_____
     WILLIAM L. BANNING
     JESSICA L. VOSS

     Attorneys for Plaintiffs HERNANDEZ and RUIZ

## XXI.

## __DEMAND FOR JURY TRIAL__

Plaintiffs hereby demand a trial by jury in this action on all CLAIMS FOR RELIEF.

DATED: June 2, 2010         BANNING LLP

By: _____
WILLIAM L. BANNING
JESSICA L. VOSS

Attorneys for Plaintiffs HERNANDEZ and RUIZ

## XXII.

## __VERIFICATION OF SEAMEN'S COMPLAINT FOR JONES ACT NEGLIGENCE, UNSEAWORTHINESS, MAINTENANCE AND CURE, UNPAID WAGES, FRAUD, INTERFERENCE WITH PROSPECTIVE ADVANTAGE, DEFAMATION, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; DEMAND FOR JURY TRIAL__

I, WILLIAM L. BANNING, the undersigned, say:

I am the attorney of record for Plaintiffs in this action.

I have personally conducted an investigation of the facts alleged in the complaint hereto.  My investigation of the facts has included, without limitation, the interviewing of the Plaintiffs, the interviewing of crew eyewitnesses to the Incidents; the review of newspaper articles concerning the Incidents; the interviewing of crew eyewitnesses with respect to the terms and conditions of Plaintiffs' employment and

1   their service aboard the VESSEL; the interviewing of crew eyewitnesses with respect

2   to the wrongful termination of HERNANDEZ and RUIZ and the assaults and/or

3   batteries committed against them; the viewing of photographs of the VESSEL; the

4   viewing of the VESSEL's mooring site in San Diego; research into governmental

5   records, including without limitation, the relevant documentation records of the U.S.

6   Coast Guard concerning the VESSEL; and, relevant Secretary of State records of the

7   States of California and Arizona concerning Defendants.

8         I have been practicing admiralty and maritime law for over thirty years.  I have

9   been counsel for seaman on numerous cases where we have affected service on the

10   Vessel by arrest.  I have read the foregoing Seamen's Verified Complaint for Jones

11   Act Negligence, Unseaworthiness, Maintenance and Cure, Unpaid Wages, Fraud,

12   Interference with Prospective Advantage, Defamation, Intentional and Negligent

13   Infliction of Emotional Distress; Demand for Jury Trial and know the contents

14   thereof.  Based upon my personal knowledge obtained through the aforesaid

15   investigation and research, the allegations of the complaint are true to the best of my

16   knowledge and belief.  As a result of the facts of this case, Plaintiffs have maritime

17   liens senior to any mortgage on the VESSEL.

18         I am making this verification on behalf of Plaintiffs because they live in

19   Mexico and presently cannot be available in the District to sign this verification.  I

20   have been authorized by Plaintiffs to make this verification on their behalf.

21         Executed on this 2nd of June, 2010, at San Diego, California.

22         I declare under penalty of perjury under the laws of the United States of

23   America that the foregoing is true and correct.

24

25

26                         WILLIAM L. BANNING

27

28

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
PEDRO HERNANDEZ ROBLES and JOSE IGNACIO
RUIZ TARANGO

**DEFENDANTS**
See attachment

FILED
2010 JUN -3 PM 3:11
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
William L. Banning, SBN 75757
Banning LLP
402 W. Broadway, Suite 1790
San Diego, CA 92117
(619) 230-0030

Attorneys (If Known)

'10 CV 1195 H    BGS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) | |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☒ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | **IMMIGRATION** | ☐ 871 IRS - Third Party | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | 26 USC 7609 | ☐ 900 Appeal of Fee |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - | | Determination Under |
| | Employment | ☐ 550 Civil Rights | Alien Detainee | | Equal Access to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | | Actions | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |
|---|---|---|---|---|---|---|

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Jones Act Negligence, Unseaworthiness, Maintenance and Cure, Unpaid Wages, Fraud, 46.688 fn
Interference with Prospective Advantage, Defamation, Intentional & Negligent Infliction of
Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $ 0.00
CHECK YES only if demanded in complaint:
☐ CHECK YES only if demanded in complaint:     JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):     JUDGE _____     DOCKET NUMBER _____

DATE
June 2, 2010

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

No Fee Required

CSDJS44

1  Attachment to Civil Cover Sheet

2  Defendants:

3

4  M/Y NICE TRY (ex. ON THE EDGE), U.S.C.G. Official Number 1110009, her

5  engines, tackle, apparel, furniture, and appurtenances, *in rem*, SCOTT

6  PFEIFFER, a citizen of Arizona, IRA RONALD CADWELL, an individual of

7  unknown citizenship, ON THE EDGE, LLC, an Arizona Limited Liability

8  Company, SONORA WEST DEVELOPMENT, INC., an Arizona corporation, *in*

9  *personam* and DOES 1 through 20, inclusive,

AO 72
(Rev. 8/82)

AO-72